Eastern District of Kentucky
**FILED**
AUG 0 1 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-92-KSF

CATHY DOUGLAS
JOHN DOUGLAS
JUSTIN DOUGLAS                                                              PLAINTIFFS

VS.                        OPINION AND ORDER

UNIVERSITY OF KENTUCKY HOSPITAL;
WALLER DALTON, M.D.; MIRIAN B. MARCUM, M.D.;
DALIA ELKHAIRI, M.D.; PAUL DEPRIEST, M.D.;
UNITED STATES; UNKNOWN NURSE;
UNKNOWN MAKER OF NOVASURE DEVICE;
UNKNOWN GYNECOLGIC ONCOLOGY UNIT, ET AL.                                    DEFENDANTS

* * * * * * * *

This matter is before the Court on the Defendant United States' Motion to Dismiss the United States as a party [DE #4] pursuant to Fed. R. Civ. P. 12(b)(1). Having been fully briefed, this motion is ripe for review. Additional motions that are impacted by the Court's decision are noted below.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs, acting *pro se*, alleged in Fayette Circuit Court that Charles Dietrich, M.D., and other named defendants negligently cared for and treated Plaintiff Cathy Douglas while performing a hysterectomy, an appendectomy and other medical procedures on her at the University of Kentucky Hospital/ Chandler Medical Center on or about February 8, 2005. Plaintiffs' state court action was removed to this Court pursuant to 28 U.S.C. § 2679 on the ground that Defendant Dietrich was an employee of the United States at all times relevant to the action and was acting in the scope of his employment with respect to his conduct alleged in the action [DE #1]. Defendant

Dietrich's Motion to Substitute was granted, and the United States was substituted as a party for Defendant Dietrich by separate Opinion and Order entered contemporaneously herewith.

The United States moved to dismiss the action [DE # 4] for lack of subject matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.. Exhibit 2 to the Motion is the Declaration of J. R. Van Nagell, Jr., M.D., Professor and Director, Division of Gynecologic Oncology, University of Kentucky Medical Center, that he was familiar with Dr. Dietrich's duties in the Gynecologic Oncology Fellowship Program and that "[h]is actions relevant to this case were performed within the scope of his duties...." Exhibit 3 is a Department of Army Permanent Change of Station for Charles Dietrich to the University of Kentucky. Exhibit 4 is the Declaration of Colonel Dale N. Woodling that he searched a central electronic data base including claims under the FTCA since 1988, and that "no administrative claim was filed by Cathy Douglas, John Douglas, or Justin Douglas under the [FTCA]."

Plaintiff John Douglas, *pro se*, filed a response ("Contra Motion to Defendants Motion to Dismiss") (DE# 5), on his own behalf and purportedly on behalf of Cathy Douglas.[1] Plaintiffs did not offer any factual evidence to oppose the evidence from the United States that Charles Dietrich was an employee of the United States and, at all relevant times, was acting within the scope of his employment. There also is no evidence that Plaintiffs previously filed an administrative claim regarding the medical treatment.

Instead, the response simply argued that: (1) individual physicians are not entitled to sovereign immunity (page 3); (2) a Medical Training Agreement between the United States and the

---

[1] John Douglas signed the response for Cathy Douglas (page 7). However, a *pro se* plaintiff may not represent another plaintiff. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Sillah v. Davis*, 252 F. Supp.2d 589, 599 (W.D. Tenn. 2003).

University of Kentucky Markey Cancer Center provides liability insurance and legal representation for Army physicians (page 3); (3) the United States is liable under the Tort Claims Act for personal injury damages and that Kentucky law determines whether an employee was acting within the scope of his employment (page 3); (4) the doctrine of respondeat superior is applicable (page 4); and (5) Charles Dietrich, M.D., may be an independent contractor (page 6). The response concludes that "the federal court lacks jurisdiction to here [sic] this case" and seeks dismissal or remand of the case back to the Fayette Circuit Court for further proceedings (page 7).

The United States replied that the Medical Training Agreement on which Plaintiffs rely is between the United States and the University of Kentucky Medical Center and does not support an argument that Charles Dietrich, M.D., is an independent contractor. The Reply also notes the Declaration of J. R. Van Nagell, M.D., and the certification of Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, that Charles Dietrich, M.D., was acting within the scope of his employment at all times relevant to this action. The United States seeks dismissal as a party and of all claims against it and that the case be remanded back to Fayette Circuit Court for further proceedings.

While the United States' Motion to Dismiss was pending, various additional motions were filed by Plaintiffs (Motion for Default Judgment [DE #6], Motion for Continuance [DE #13, 14], Motion to Compel Disclosure [DE # 21]) and by other Defendants (Motion to Dismiss by University of Kentucky, et al. [DE #9]). These motions are all moot as a result of this Court's decision on the United States' Motion to Dismiss.

## II. ANALYSIS

The United States is immune from suit, absent consent to be sued. Congress defines the conditions under which lawsuits are permitted. The Federal Tort Claims Act, 28 U.S.C. § 1346(b),

3

as amended by 28 U.S.C. §§ 2671-2680 (1988) is the exclusive remedy for persons alleging negligent or wrongful acts or omissions of a United States Government employee acting within the scope of his or her employment. No claim for money damages can be made against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675 (a).

In *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) the Court said:

> The requirement in 28 U.S.C. § 2675(a) that an administrative claim be filed as a prerequisite to filing a civil action under the Federal Tort Claims Act and the two-year statute of limitations prescribed by 28 U.S.C. § 2401(b) are valid conditions under which suits may be maintained under the statute. These conditions are jurisdictional requirements, not capable of waiver or subject to estoppel.

Likewise, in *Allen v. United States*, 517 F.2d 1328, 1329 (6th Cir. 1975), the Court affirmed dismissal of a personal injury claim against the United States for lack of jurisdiction when no timely administrative claim had been filed. It said:

> 28 U.S.C. § 2675(a) deprives the federal courts of jurisdiction over any such cause of action unless the claim has been properly presented to the appropriate federal agency and denied by that agency.

The uncontradicted evidence in this case is that Charles Dietrich, M.D., was an employee of the United States acting within the scope of his federal employment at the time of the alleged acts or omissions giving rise to this action. Further, Plaintiffs did not file any administrative claim against the United States prior to initiating this lawsuit and, thus, have failed to exhaust their administrative remedies. Accordingly, this Court lacks jurisdiction to hear this claim against the United States, and the United States must be dismissed as a party.

This Court's jurisdiction was invoked under the Federal Tort Claims Act as an action against the United States. Once the United States is dismissed as a party, there is no further basis for

federal court jurisdiction. Plaintiffs asked that the matter be remanded to the Fayette Circuit Court for further proceedings. Therefore, this matter will be dismissed from the docket and remanded to the Fayette Circuit Court. All other pending motions are rendered moot by this decision.

## III. CONCLUSION

The Court, being otherwise fully and sufficient advised, **HEREBY ORDERS**:

a. The United States' Motion to Dismiss [DE #4] is hereby **GRANTED**. All claims against the United States are hereby **DISMISSED**, and the United States is **DISMISSED AS A PARTY**.

b. The Plaintiffs having requested the case be remanded to the Fayette Circuit Court [DE #5] and the Court having no federal jurisdiction, the request is **GRANTED** and this matter is **REMANDED** to Fayette Circuit Court;

c. All other pending motions are **DISMISSED AS MOOT**.

d. **THIS ACTION IS DISMISSED AND SHALL BE STRICKEN FROM THE ACTIVE DOCKET**.

This 31st day of July, 2006.

KARL S. FORESTER, SENIOR JUDGE